UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWIN CODRINGTON (#387804)**  CIVIL ACTION NO.

**VERSUS**  19-434-SDD-EWD

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 11, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWIN CODRINGTON (#387804)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-434-SDD-EWD** |
| **DARREL VANNOY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Edwin Codrington ("Plaintiff"), an individual incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against Darrel Vannoy, Luke Rheems, John Hebert, Gary Aymond, and Nyesha Davis. Plaintiff alleges denial of his due process rights by Defendants falsifiying a disciplinary report against him that resulted in Plaintiff being placed in administrative segregation.[1] Plaintiff also complains regarding the allegedly dangerous conditions of administrative segregation.[2] Plaintiff seeks monetary and injunctive relief.[3]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[4] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 6.
[3] R. Doc. 1, p. 7.
[4] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on July 12, 2019. (R. Doc. 4).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9]

Plaintiff's allegation that a disciplinary report was "falsified" fails to state a claim. The law is clear that the issuance of one or more false disciplinary reports, even when the report results in punishment, is not a constitutional violation.[10] Moreover, the procedures governing prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life).[11] A disciplinary sentence of a quarters change to segregated confinement, as occurred here, is not so atypical as to give rise to a claim of violation of procedural due process rights.[12]

---

[5] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton,* 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[10] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).
[11] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).
[12] *Id.*

Plaintiff also complains regarding the handling of his disciplinary report, which was ultimately dismissed.[13] An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[14] and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[15]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[16]

This conclusion also applies to prison disciplinary proceedings.[17] As to Plaintiff's claims related to disciplinary proceedings, Plaintiff has also failed to state a claim.[18]

Plaintiff's complaint regarding the dangerous nature of administrative segregation also lacks merit. It is well recognized that prisons are inherently violent and dangerous places, and a general allegation regarding dangerousness of a prison does not, in and of itself, state a cognizable § 1983 claim.[19] In *Williams v. Edwards*,[20] the Fifth Circuit Court of Appeals concluded that the

---

[13] R. Doc. 1, p. 5. According to the Complaint, after multiple appeals and rehearings, the disciplinary report and rule violations were dismissed. *Id*. at p. 6.
[14] *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007).
[15] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).
[16] *Id*. at 373-74.
[17] *See, e.g., Sanchez v. Grounds,* Civil Action No. 5:13cv2, 2014 WL 1049164, at *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").
[18] *See also Fisher v. Wilson*, 74 F.App'x. 301 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process).
[19] *See Jasmine v. Cain*, Civil Action No. 12-743, 2014 WL 971989, at *6 (M.D. La. Mar. 12, 2014). *See also Robertson v. LeBlanc*, Civil Action No. 13-171, 2014 WL 688979, at *5 (M.D. La. Feb. 20, 2014).
[20] 547 F.2d 1206 (5th Cir. 1997).

following conditions at LSP violated the Constitution: insufficient cell space resulting in an inability to segregate dangerous prisoners; 270 stabbings; 20 deaths; easy inmate access to weapons; lack of security personnel to confiscate weapons; fire and safety hazards; sanitations problems, including accumulation of sewage under the main kitchen and a serious rodent problem; lack of medical staff resulting in inmates administering treatments; unsanitary conditions; substandard equipment; and an untrained unlicensed pharmacist. Plaintiff's allegations--that he was stabbed after three days in administrative segregation and that only one security guard is assigned to 4 units, each holding over 80 inmates--fall far short of the totality of prison conditions that the Fifth Circuit has found would be enough to violate the Eighth Amendment.

To the extent Plaintiff attempts to make a claim for failure to protect based on his assault in administrative segregation, that claim also fails. Under the Eighth Amendment, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[21] Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates."[22] However, "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[23]

To maintain a claim for failure to protect, a plaintiff must show "deliberate indifference," which has been defined as including an element of "subjective recklessness."[24] An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[25] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a

---

[21] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[22] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[23] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[24] *Farmer*, 511 U.S. at 837.
[25] *Id.*

4

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[26] Further, "mere generalized knowledge that some prisoners may be dangerous is not enough to support a finding of deliberate indifference."[27] Deliberate indifference requires a level of awareness of a specific risk based upon specific information.[28]

Plaintiff has failed to allege any facts from which this Court could infer that any individual at the prison was aware of a specific, excessive risk to Plaintiff posed by the two attackers. Plaintiff fails to even identify who his attackers were, and again, the fact that a prison is generally dangerous is insufficient to state a claim, as prisons are inherently dangerous places. Accordingly, Plaintiff has also failed to state a claim for failure to protect.

Insofar as Plaintiff seeks to have this Court exercise supplemental jurisdiction over potential state law claims, this Court should decline to do so. A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[29] Since Plaintiff has failed to state a valid federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any potential state law claims.

Accordingly, Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

[26] *Id. at 847*.
[27] *Walker v. Davis*, Civil Action No. 6:17cv166, 2019 WL 2465298, at *9 (E.D. Tex. Jan. 10, 2019).
[28] *Id. See also Van Williams v. Samaniego*, Civil Action No. EP-05-CA-491-PRM, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[29] 28 U.S.C. § 1367.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[30]

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction relative to Plaintiff's potential state law claims.

**IT IS FURTHER RECOMMENDED** that, if this recommendation is adopted, Plaintiff's pending Motion for Appointment Counsel[31] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on December 11, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
[31] R. Doc. 3.